Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
Sean Suber (*pro hac vice*)
SSuber@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Alexandra C. Aurisch (SBN: 296525)
AAurisch@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Attorneys for Defendant
The J. M. Smucker Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOLLY BROWN, as an individual, on behalf of herself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 4:21-cv-06467-JCS<br><br>**DEFENDANT THE J.M. SMUCKER COMPANY'S MOTION TO STAY DISCOVERY PENDING ORDER ON MOTION TO DISMISS**<br><br>Judge: Haywood S. Gilliam, Jr.<br><br>Date: May 12, 2022<br>Time: 2:00 p.m.<br>Place: Courtroom 2<br><br>Complaint Filed: August 20, 2021 |

**NOTICE OF MOTION AND MOTION**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 12, 2022, at 2:00 p.m., or as soon thereafter as the matter may be heard, in Courtroom 2 of this Court, located at 1301 Clay Street, Oakland, CA 94612, defendant The J. M. Smucker Company will and hereby does move this Court for an order staying discovery until this Court issues a ruling on Defendant's Motion to Dismiss Plaintiff's Complaint.

This Motion is made on the grounds that Plaintiff has served discovery requests that consist of broad, merits-based discovery against Defendant prior to this Court ruling upon (1) whether Plaintiff has stated claims against Defendant upon which relief could be granted and (2) whether Plaintiff has standing to pursue her claims.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the record in this action, and any evidence and argument that may be presented at or before the hearing.

Defendant respectfully requests that the Court grant this Motion and stay discovery until such time that the Court rules upon Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 20), set for hearing on **March 10, 2022**, and requests that Defendant shall have 21 days following such a ruling to serve written responses to discovery.

Dated:  February 1, 2022               **WINSTON & STRAWN LLP**

                                       By:  */s/ Alexandra C. Aurisch*
                                            Alexandra C. Aurisch (SBN: 296525)
                                            AAurisch@winston.com
                                            WINSTON & STRAWN LLP
                                            333 South Grand Avenue
                                            Los Angeles, CA 90071-1543
                                            Telephone: (213) 615-1700
                                            Facsimile: (213) 615-1750

                                            Ronald Y. Rothstein (*pro hac vice* submitted)
                                            RRothste@winston.com
                                            Sean H. Suber (*pro hac vice* submitted)
                                            SSuber@winston.com
                                            WINSTON & STRAWN LLP
                                            35 West Wacker Drive
                                            Chicago, IL 60601-9703
                                            Telephone: (312) 558-5600
                                            Facsimile: (312) 558-5700

*Attorneys for Defendant*
*The J. M. Smucker Company*

**INTRODUCTION**

Plaintiff Molly Brown filed this consumer class action alleging that statements like "6g protein" on the front label of certain products sold by Defendant The J. M. Smucker Company ("Smucker") are false and misleading. The Complaint brings five causes of action: (1) a violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (2) false advertising under the Business and Professions Code § 17500 *et seq.* ("FAL"); (3) common law fraud, deceit, and/or misrepresentation; (4) unlawful, unfair, and fraudulent trade practices in violation of the Business and Professions Code § 17200 *et seq.* ("UCL"); and (5) unjust enrichment.

Defendant filed a Motion to Dismiss Plaintiff's Complaint on October 26, 2021. (Dkt. No. 20.) Pursuant to the Order Granting the Stipulation of the Parties (Dkt. 24), Plaintiffs filed their Opposition on December 14, 2021 (Dkt. No. 27), and Defendant filed its Reply on January 11, 2022. (Dkt. No. 28.) The Court continued the Initial Case Management Conference, initially set for November 23, 2021, to March 10, 2022. (Dkt. No. 22.)

Defendant requests that discovery be stayed pending a ruling on the Motion to Dismiss, which is set for hearing on March 10, 2022. The pending Motion to Dismiss argues for dismissal based on eleven separate reasons, which have the potential to dismiss this action in its entirety.

This Court has the discretion, under Federal Rule of Civil Procedure 26 to issue a stay for good cause. Fed. R. Civ. P. 26(c). Here, good cause exists to protect Defendant from the unnecessary burden and expense of discovery where the scope of discovery—and even whether Plaintiffs are entitled to proceed with these claims—is entirely dependent on the pending Motion to Dismiss. Defendant believes that it is prudent, efficient, and appropriate to stay all proceedings and would respectfully request a stay of discovery until this Court has ruled upon the motion to dismiss.

**ARGUMENT**

This Court "has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972). This power includes "broad discretion to stay discovery pending the outcome of a potentially dispositive motion." *Top Rank, Inc. v. Haymon,* 2015 WL 9952887, at *1 (C.D. Cal. Sept. 17, 2015). Pursuant to Rule 26(c)(1), the Court may, for good cause,

issue an order forbidding or limiting discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Perryman v. Litton Loan Servicing, LP*, No. 14-CV-02261-JST, 2016 WL 1258584, at *1 (N.D. Cal. Mar. 30, 2016). The avoidance of undue burden or expense is grounds for the issuance of a protective order. Fed. R. Civ. P. 26(c); *see also Smith v. Cty. of Los Angeles*, No. 11-cv-10666, 2012 WL 12965922, at *2 (C.D. Cal. Sept. 20, 2012) (staying discovery "to avoid costly discovery that may be rendered unnecessary"). A stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants. *Little v. Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (staying discovery pending resolution of threshold issue). The Ninth Circuit has explained that after a motion to dismiss has been filed, "[d]iscovery is only appropriate where there are factual issues raised by [that] motion." *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) (citing *Rae v. Union Bank*, 725 F.2d 478, 481 (9th Cir.1984)). If the motion is dispositive and does not raise any factual issues, the court may stay all discovery pending resolution of the motion. *See id.* A stay is appropriate in such circumstances—indeed, these circumstances—because "[t]he purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987); *see also Stutzman v. Armstrong*, No. 13-cv-0116, 2013 WL 3992416, at *6 (E.D. Cal. Aug. 2, 2013) (same); *Low v. McGinness*, No. 10-cv-2398, 2012 WL 537491, at *11 (E.D. Cal. Feb. 17, 2012) (same), *report and recommendation adopted*, No. 10-CV-2398, 2012 WL 1131534 (E.D. Cal. Mar. 30, 2012). A motion to dismiss can warrant a stay in discovery even when it would *not* dispose of the entire case. *See In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018) (explaining that stay was granted because the "motion to dismiss could be potentially dispositive of [one set of claims], which in turn would limit the scope of discovery"); *Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*, No. 19-cv-00493, 2019 WL 4822413, at *1 (E.D. Cal. Oct. 1, 2019) (granting stay because, among other things, the "likelihood that the motion [to dismiss] would significantly narrow the case").

In *Yamasaki v. Zicam LLC*, No. 21-CV-02596-HSG, 2021 WL 3675214, at *1 (N.D. Cal. Aug. 19, 2021) (Gilliam, Jr., J.), this Court set forth the standard for ruling on a motion to stay discovery:

Courts in this district have applied a two-prong test to determine whether a stay of discovery is appropriate. See *In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases). First, the moving party must demonstrate that the pending motion is "potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id*. Second, "the court must determine whether the pending motion can be decided absent discovery." *Id*. "In applying the two-factor test, the court deciding the motion to stay must take a 'preliminary peek' at the merits of the pending dispositive motion to assess whether a stay is warranted." *See Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 503 (D. Nev. 2013).

Here, the pending Motion to Dismiss is potentially dispositive of the entire case, and does not require any discovery to be conducted.

### A.   Defendant's Pending Motion Could Dispose of The Entire Case

Plaintiff alleges that Smucker sold various peanut-related products ("Products") with allegedly false and misleading statements about protein content on the packaging. (Compl. ¶ 15.) Plaintiff's Complaint centers around two different allegations, the first of which is that the number of grams of protein indicated on the Products' packaging is inaccurate as a *quantitative* measure of protein content. (Compl. ¶¶ 3, 15.) Plaintiff claims that, for example, a serving of the peanut butter and strawberry Uncrustables "contains only 5 grams of protein" rather than the "6 grams Protein" indicated on the box. (*Id.* ¶ 15.) Plaintiff bases this claim on "amino acid content testing," for which Plaintiff provides no factual details whatsoever, nor any legal justification (*Id.* ¶¶ 3, 4, 15, 37, 39.) Plaintiff's second (and equally incorrect) allegation is that the law also *requires* Smucker to calculate the protein *mass* using a qualitative measure, the Protein Digestibility Corrected Amino Acid ("PDCAAS") method, which encompasses the "digestibility of the protein." (*Id.* ¶¶ 25–26.) In addition to misstating the law, Plaintiff fails to provide any details to support the calculation. Plaintiff brings five causes of action, under the CLRA (Count 1), the FAL (Count 2), and the UCL (Count 4), for common law fraud, deceit, and/or misrepresentation (Count 3), and for unjust enrichment (Count 5).

In deciding whether to stay discovery under Rule 26(c) pending a decision on a dispositive motion, the Court should take a "peek" at that motion's merits. *GTE Wireless, Inc. v. QualComm, Inc.*, 192 F.R.D. 284, 286 (S.D. Cal. 2000). Defendant's Motion to Dismiss argues for *complete dismissal* on the grounds that Plaintiff's arguments fail for *eleven* reasons. *First*, equitable relief is not available

under the CLRA (Count 1), FAL (Count 2), or UCL (Count 4), which is *fatal* to the FAL and UCL claims and eliminates equitable relief under the CLRA. *Second*, the economic loss doctrine bars recovery for fraud, deceit, and misrepresentation (Count 3). *Third*, the claim for unjust enrichment (Count 5) fails. *Fourth*, the request for punitive damages fails. *Fifth*, Plaintiff's claims are preempted by federal law in their entirety. *Sixth*, all allegations and products omitted in Plaintiff's CLRA notice letter should be dismissed. *Seventh*, Plaintiff failed to plead substantial similarity for products she did not purchase. *Eighth*, the Primary Jurisdiction Doctrine bars Plaintiff's Complaint. *Ninth*, Plaintiff lacks standing. *Tenth*, Plaintiff's claims are inadequately pleaded. Finally, and *eleventh*, the Complaint is implausible, and each claim fails on the merits. As the Motion to Dismiss has the potential to dispose of the entire action, Smucker respectfully requests that this Court grant this motion.

### B.  The Motion to Dismiss Can Be Decided Absent Discovery

The motion is based on the pleadings; no discovery is needed in advance of the March 10, 2022 hearing. Defendant's Motion to Dismiss is fully briefed, with Plaintiffs having filed their Opposition on December 14, 2021 (Dkt. No. 27), and Defendant having filed its Reply on January 11, 2022. (Dkt. No. 28.)

### C.  Other Factors Weigh in Favor of a Stay

Other courts have looked at additional factors in determining whether to grant a stay, such as the posture of the case and prejudice to the other party or parties. *See In re Graphics Processing Units Antitrust Litig.*, No. 06-7417, 2007 WL 2127577, at *5 (N.D. Cal. July 24, 2007) (granting motion to stay and reasoning there was "no urgent need for immediate discovery" because of "[t]he leisurely briefing schedule on the motions to dismiss"); *see also Res. in Motion Ltd. v. Visto Corp.*, 545 F. Supp. 2d 1011, 1012 (N.D. Cal. 2008) (mere delay in the litigation does not constitute undue prejudice). Here, the action is at its initial stages, and the Court has not yet held the Initial Case Management Conference. (*See* Dkt. No. 22.) As a result, Plaintiff will have ample time and opportunity to conduct discovery following a ruling on the Motion to Dismiss.

## CONCLUSION

The Motion to Dismiss could dispose of the entire case and no discovery is needed for its determination. Further, with no discovery deadlines set yet by this Court, Plaintiff will suffer no

prejudice by a discovery stay pending a ruling on the Motion to Dismiss. On the other hand, requiring Defendant to address overly broad discovery requests relating to causes of action – and potentially the action altogether – that may not survive the pleadings stage would be both prejudicial to Defendant and inefficient for the Court and the parties.

For each of these reasons, Defendant requests that discovery be stayed pending a ruling on the March 10, 2022 Motion to Dismiss, and requests that Defendant shall have 21 days following such a ruling to serve written responses to discovery.

Dated:  February 1, 2022                         **WINSTON & STRAWN LLP**

By: */s/ Alexandra C. Aurisch*
Alexandra C. Aurisch (SBN: 296525)
AAurisch@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

Ronald Y. Rothstein (*pro hac vice*)
RRothste@winston.com
Sean H. Suber (*pro hac vice*)
SSuber@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

*Attorneys for Defendant*
*The J. M. Smucker Company*