
1  Ronald Y. Rothstein (*pro hac vice*)
   RRothste@winston.com
2  Sean Suber (*pro hac vice*)
   SSuber@winston.com
3  WINSTON & STRAWN LLP
   35 West Wacker Drive
4  Chicago, IL 60601-9703
   Telephone: (312) 558-5600
5  Facsimile: (312) 558-5700

6  Alexandra C. Aurisch (SBN: 296525)
   AAurisch@winston.com
7  WINSTON & STRAWN LLP
   333 South Grand Avenue
8  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
9  Facsimile: (213) 615-1750

10 Attorneys for Defendant
   The J. M. Smucker Company

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MOLLY BROWN, as an individual, on behalf of herself, the general public and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE J. M. SMUCKER COMPANY,<br><br>Defendant. | Case No. 4:21-cv-06467-HSG<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING ORDER ON MOTION TO DISMISS; DECLARATION OF SEAN H. SUBER**<br><br>Judge:   Haywood S. Gilliam, Jr.<br><br>Hearing Date:   May 12, 2022<br>Time:   2:00 pm<br>Place:   Courtroom 2<br><br>Complaint Filed: August 20, 2021 |

**INTRODUCTION**

Plaintiff's opposition misstates the law, distorts the facts, and has no real response to the fact that good cause exists to stay discovery to protect Defendant from the unnecessary burden and expense of discovery—especially considering discovery is not even open, and the scope of discovery is entirely dependent on a pending motion to dismiss. This Court has granted a discovery stay, when, as here, "both party and judicial resources will be most efficiently used if discovery is stayed until the Court decides the pending motion to dismiss." *Yamasaki v. Zicam LLC*, 2021 WL 3675214, at *2 (N.D. Cal. Aug. 19, 2021) (Gilliam, J.). It should do so again here because Defendant's motion to dismiss is more than potentially dispositive given that two courts have recently dismissed near-identical lawsuits brought by Plaintiff's counsel on the same theory that Plaintiff is trying to advance here. *See Nacarino v. Kashi Company*, ECF No. 43, 2022 WL 390815, at *4–5 (N.D. Cal. Feb. 9, 2022); *Chong v Kind LLC*, ECF 41, 2022 WL 464149, at *4 (N.D. Cal. Feb. 15, 2022). Staying discovery would thus preserve resources.

Perhaps recognizing as much, Plaintiff claims that Defendant's motion is procedurally improper, but that is simply not the case. The parties met and conferred about this issue back in November, and the parties discussed that their agreement was geared toward "pushing everything to the CMC" in March. *See* Suber Decl., ¶ 3. Thus, Plaintiff cannot cry foul now that Defendant is raising this issue so it can be addressed at the CMC.

For these reasons, the Court should grant Defendant's motion to stay discovery.

**ARGUMENT**

**I.      Defendant's motion meets the standard for a discovery stay.**

As this Court has explained, to obtain a stay, "the moving party must demonstrate that the pending motion is 'potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed.'" *Yamasaki*, 2021 WL 3675214, at *1 (citation omitted). Defendant has done so.

Defendant's pending motion argues that Plaintiff's case is preempted, which would be dispositive of the entire case. Indeed, and as explained in Defendant's Supplemental Brief in Support of the Motion to Dismiss, two recent decisions from this District have addressed the issues at the heart of this case and dismissed the cases as being preempted. *See Nacarino*, 2022 WL 390815, at *4–5;

– 1 –

*Chong*, 2022 WL 464149, at *4. Those decisions are in line with this Court's ruling on the subject. *See Durnford v. Musclepharm Corp.*, 2015 WL 9258079, at *3–5 (N.D. Cal. Dec. 18, 2015) (Gilliam, J.) ("FDA regulations expressly provide that protein content may be calculated solely on the basis of nitrogen content," and "Plaintiff seeks to hold Defendant liable for calculating protein content using a method prescribed by FDA regulations, in violation of the FDCA's express preemption provision.").

Plaintiff's acknowledgement that "preemption [] has the potential . . . to affect the entire case" (Opp'n at 2), should be the end of the matter because Defendant need not establish that its motion to dismiss *will* be successful; it need only demonstrate the motion is "**potentially** dispositive of the entire case." *Yamasaki*, 2021 WL 3675214, at *1 (emphasis added). To try to avoid this point, Plaintiff writes a lengthy brief addressing the *Nacarino* decision (while ignoring the *Chong* decision). But the *extent* to which Plaintiff attempts to argue that the *Nacarino* ruling is incorrect (and Plaintiff's silence about *Chong*) only underscores Defendant's point that the pending motion to dismiss *is* potentially dispositive. Further, Plaintiff argues that *Nacarino* is of no import because it allegedly does not address Plaintiff's argument that Section 101.13(i)(3) prohibits any statement about the amount or percentage of protein that is "false or misleading in any respect." Opp'n at 5. But *Nacarino* addressed this very issue, concluding that "the regulations foreclose a conclusion that the '11g' figure is misleading as that term has been used by the FDA." *Nacarino*, 2022 WL 390815, at *3 ("the general language of section 101.13 cannot be interpreted as proclaiming that it is 'false or misleading' to use the same statement— '11g Protein'—on the front of the box as is authorized in the Nutrition Facts label.").

Further, Defendant has also maintained that Plaintiff's case fails because the representations on the front of the package are not nutrient content claims under federal law. Under federal law, the statement "6 grams Protein" does not "characterize" the level of protein in the Products as "high" or "low," "more" or "less," and is thus not a "nutrient content claim" as federal law defines it. *Cf.* 21 U.S.C. § 343(r)(1)(A) (defining a nutrient content claim as a claim that "characterizes the level of any nutrient"). Plaintiff claims that the "regulations plainly disprove this point." Opp'n at 6. But this Court has recognized that "[n]utrient content claim requirements only apply where a product label characterizes the level (as opposed to existence) of a nutrient." *Vassigh v. Bai Brands LLC*, 2015 WL 4238886, at *5 (N.D. Cal. July 13, 2015) (Gilliam, J.). This also demonstrates that Defendant's motion

is ***potentially*** dispositive.

Finally, Plaintiff fails to understand that the motion to dismiss can be either "potentially dispositive of the entire case, ***or*** at least dispositive on the issue at which discovery is directed." *Yamasaki*, 2021 WL 3675214, at *1 (emphasis added). Plaintiff notes that Defendant "asserts 11 defenses in its motion." Opp'n. 2. But a large number of cases hold that a motion to dismiss can warrant a stay in discovery even when it would *not* dispose of the entire case and is only "dispositive on the issue at which discovery is directed." *Yamasaki*, 2021 WL 3675214, at *1. *See, e.g.*, *In re Nexus 6P Prods. Liab. Litig.*, 2018 WL 3036734, at *1 (N.D. Cal. June 19, 2018) (stay was granted because the "motion to dismiss could be potentially dispositive of [one set of claims], which in turn would limit the scope of discovery"); *Driscoll's, Inc. v. Cal. Berry Cultivars, LLC*, 2019 WL 4822413, at *1 (E.D. Cal. Oct. 1, 2019) (granting stay because of, among other things, the "likelihood that the motion [to dismiss] would significantly narrow the case"); *Lloyd v. Rufener*, 2018 WL 4353268, at *1 (W.D. Wash. Sept. 12, 2018) (granting stay where defendants argued that "resolution of the motion might narrow the scope of plaintiff's claims and thus the appropriate scope of discovery").

Here, among other things, Defendant has argued that Plaintiff lacks standing to sue for unpurchased products. Thus, the motion can eliminate the claims for products that Plaintiff did not purchase. And a "pending motion to dismiss, if likely to succeed, raises concerns about the judicial economy of allowing discovery to proceed." *In re: Pre-Filled Propane Tank Antitrust Litig.*, 2015 WL 11022887, at *4 (W.D. Mo. Feb. 24, 2015) (granting discovery stay). The stay should be granted.

**II.     Defendant will be burdened by the discovery requests, as discovery is not even open.**

Good cause exists to stay discovery to protect Defendant from the unnecessary burden and expense of discovery when discovery is not even open and the scope of discovery—and whether Plaintiff is entitled to proceed with her claims—is entirely dependent on a pending motion to dismiss. Plaintiff's overbroad discovery requests will require substantial review. And merely having "to review such a large volume of documents prior to producing them would be a significant burden," so "this factor also weighs in favor of granting a stay." *In re: Pre-Filled Propane Tank Antitrust Litig.*, 2015 WL 11022887, at *3–4 (citation omitted).

Plaintiff claims that Defendant does not need a stay because the parties already agreed to a stay,

but this hardly tells the full story. As Plaintiff notes, the agreement by the parties is in place only until the Court "hears argument on the motion to dismiss and takes the motion under submission." Opp'n at 4. Thus, this issue will be ripe once argument is heard. Indeed, the temporary agreement that the parties reached so that Plaintiff could get an extension on the motion to dismiss briefing will no longer be in place once the motion to dismiss is heard. Without a stay, Defendant would have to go through the unnecessary burden of responding to overbroad discovery requests while the Court resolves the motion to dismiss that is under submission. That is hardly "fair." Opp'n at 4.

Plaintiff also fails to note that discovery is not open, as Plaintiff has failed to provide a discovery plan. To be sure, Plaintiff sought six requests for admission, over 50 requests for production of documents, and hundreds of interrogatories. *See* Suber Decl., ¶ 4. But given that Plaintiff has yet to comply with Rule 26(f), discovery is not open. *See* Suber Decl., ¶¶ 3, 7; *see also Mouli v. Safety Holdings, Inc.*, 2021 WL 4494191, at *12 (E.D. Va. Sept. 30, 2021) (granting protective order and finding a 26(f) conference had not occurred when, as here, "the parties have not submitted a discovery plan, nor has the Court entered one"); *Tompkins v. Lifeway Christian Res. of the S. Baptist Convention*, 2017 WL 3052853, at *1 (D.N.M. June 20, 2017) (finding that discovery was premature when there was no "evidence that the parties ha[d] . . . developed jointly a discovery plan that would address the very issue Defendants raise, namely Defendants' stated desire to have the motions to dismiss ruled on before moving forward"); *Hope Med. Grp. for Women v. LeBlanc*, 2007 WL 9812847, at *3 (E.D. La. May 8, 2007) ("The Rules require that the parties develop a joint discovery plan at the Rule 26(f) conference and that initial disclosures be made within 14 days of the conference . . . . [N]o Rule 26(f) conference took place because these requirements were not met.").

Thus, granting a stay is the most prudent approach because discovery is not open, there are no deadlines for discovery, there is therefore no prejudice to Plaintiff, and the Court can provide the parties ample time to complete discovery following decision on the motion to dismiss in the unlikely scenario that this case moves forward. *See Top Rank, Inc. v. Haymon*, 2015 WL 9952887, at *3 (C.D. Cal. Sept. 17, 2015) (staying discovery and noting "many of the arguments raised in the motions [to dismiss] are compelling and deserve careful consideration before allowing the parties to proceed with costly and time-consuming discovery"); *Smith v. Cty. of Los Angeles*, 2012 WL 12965922, at *2 (C.D. Cal. Sept.

– 4 –
DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY PENDING ORDER ON MOTION TO DISMISS
CASE NO. 4:21-CV-06467-HSG

1  20, 2012) (staying discovery "to avoid costly discovery that may be rendered unnecessary").

2  **III.    This motion is procedurally proper, and this Court has discretion to hear it anyway.**

3  Finally, Plaintiff's argument about this motion being procedurally improper is incorrect. A key fact that Plaintiff omits from her brief is that the parties already discussed this issue back in November 2021. When the parties reached an agreement to postpone the briefing on the motion to dismiss, they also agreed to postpone this dispute about whether discovery was open and the timing for the response to Plaintiff's premature discovery requests. To solidify the agreement, Defendant sent a follow-up email to Plaintiff, stating that Defendant was "amenable to pushing everything to the CMC," when the Court is going to hear the motion to dismiss. *See* Suber Declaration, ¶ 5. Plaintiff ignores that the agreement reached was "[s]ubject to [Defendant's] objections and points raised previously (particularly, our position that we still do not believe discovery is open)." *Id.* Indeed, Plaintiff was advised that "[w]e are happy to work out an agreement . . . until we at least raise this issue with the Court at the CMC." *Id.* Thus, with the motion to dismiss hearing forthcoming, Defendant filed this motion—as Defendant told Plaintiff it would do when it discussed pushing everything to the CMC.

In any event, even if Plaintiff was correct that there was no meet and confer (and, to be clear, there was), that would not require denial of a motion to stay. *Reveal Chat Holdco*, 2020 WL 2843369, at *3 ("The Court, however, has the discretion to decide a motion to stay on the merits even if parties fail to meet and confer."); *Brennan v. Cadwell Sanford Deibert & Garry LLP*, 2020 WL 5653673, at *2 (D. Nev. Sept. 22, 2020) ("[T]he Court may still 'exercise its discretion to decide the motion to stay discovery on its merits.'"); *Tsatas v. Airborne Wireless Network, Inc.*, 2021 WL 4951576, at *1 n.1 (D. Nev. Apr. 9, 2021) (declining sanctions for failure to meet and confer). And this Court should certainly exercise its discretion to resolve this motion, seeing that discovery is not open and Plaintiff has failed to show how she is prejudiced by this motion or how she would be prejudiced by a stay.

## CONCLUSION

For all these reasons, Defendant respectfully requests that the Court grant this motion to stay discovery pending the resolution of the pending motion to dismiss.

Dated: February 22, 2022                         **WINSTON & STRAWN LLP**

By:  */s/ Ronald Y. Rothstein*

Ronald Y. Rothstein (*pro hac vice*)
Rrothste@winston.com
Sean H. Suber (*pro hac vice*)
Ssuber@winston.com
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601-9703
Telephone: (312) 558-5600
Facsimile: (312) 558-5700

Alexandra C. Aurisch
Aaurisch@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

*Attorneys for Defendant*
*The J. M. Smucker Company*

## DECLARATION OF SEAN H. SUBER

I, Sean H. Suber, declare and state as follows:

1. I am a lawyer and associate with the firm Winston & Strawn, LLP. I am admitted to practice law in the State of Illinois and am admitted *pro hac vice* in the United States District Court for the Northern District of California. I am acting as legal counsel to Defendant The J.M. Smucker Company.

2. As a result of my experience and responsibilities in this litigation, I have personal knowledge of the facts stated in this declaration, and if called to testify, I could and would testify competently about the information set forth in this declaration. I am over 18 years of age and competent to give this statement based on my personal knowledge, information, and belief.

3. On November 2, 2021, the parties had a call that Plaintiff contends was a Rule 26(f) conference, but Defendant disputes the call consisted of a Rule 26(f) conference because Plaintiff repeatedly refused to propose a discovery plan. *See* **Ex. A** at 2–4, Email Chain Re Discovery with All Counsel. Defendant asked for a proposed discovery plan several times, to no avail. *Ibid.*

4. The same day, immediately after the call, and disregarding Defendant's request for a discovery plan, Plaintiff propounded six requests for admission, over 50 requests for production of documents, and hundreds of interrogatories seeking information about countless products that Plaintiff never even purchased. *See* **Ex. C**, Email with Proposed Discovery.

5. Thereafter, I had a series of phone and email conversations with Plaintiff's counsel in which I indicated that Defendant would be re-addressing the issue of a motion to stay closer to the hearing date if there had not been a ruling. To secure the agreement for the Plaintiff's extension of the motion-to-dismiss briefing, I specifically noted that our team had agreed that we were "amenable to pushing everything to the CMC" and that we would confirm once Plaintiff sent us options. *See* **Ex. B** at 1, Email Chain re Discovery with H. Reynolds. Indeed, we had specifically told Plaintiff's counsel that "[w]e are happy to work out an agreement . . . until we at least raise this issue with he Court at the CMC." **Ex. A** at 2.

6. Once the parties agreed to address discovery at a later date, that agreement was expressly conditioned on Defendant's "objections and points raised previously," which necessarily

– 7 –

included the fact that we would push everything to the CMC, given "our position that we still d[id] not believe discovery is open." **Ex. A**, at 2.

7. To this date, Plaintiff has still yet to provide Defendant with a discovery plan.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 22, 2022 in Chicago, Illinois.

                                                      Sean Suber